UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIONYX, LLC, and<br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE,<br><br>      Plaintiffs,<br><br>v.<br><br>HAMAMATSU PHOTONICS K.K.,<br>HAMAMATSU CORP., OCEAN OPTICS,<br>INC., and DOES 1-10,<br><br>      Defendants. | Civil Case No.<br>15-13488-FDS |

### ORDER ON DEFENDANTS' MOTION TO PARTIALLY STRIKE PLAINTIFFS' FOURTH AMENDED INITIAL CONTENTIONS

**SAYLOR, J.**

This is a case for correction of inventorship, patent infringement, and breach of a nondisclosure agreement. Defendants Hamamatsu Photonics K.K ("HPK"), Hamamatsu Corporation ("HC"), and Ocean Optics, Inc. have moved to partially strike the Fourth Amended Initial Contentions recently served by plaintiffs SiOnyx, LLC and President and Fellows of Harvard College.

Pursuant to the discovery plan, plaintiffs' final identification of asserted claims was due on October 9, 2017. (Docket Nos. 132, 251; Def. Mot. to Strike Ex. A). Although plaintiffs had included claim 26 of U.S. Patent No. 8,680,591 in their initial contentions, they voluntarily dropped that claim in their contentions served on that date. (Def. Mot. to Strike Ex. C at 2). Fact discovery closed on December 15, 2017. Neither party's expert addressed claim 26 of the '591 patent in the opening and rebuttal reports exchanged in January and February 2018.

On March 28, 2018, the Patent Trial and Appeal Board ("PTAB") issued its final written decision in an *inter partes* review ("IPR") of the '591 patent. It found that many claims were unpatentable, but it upheld claim 26. On April 2, the day before defendants' expert was to be deposed and two weeks before plaintiffs' expert's deposition, plaintiffs served their fourth amended contentions, which reasserted claim 26 of the '591 patent.

The fact that the PTAB upheld claim 26 as patentable over the prior art asserted in the IPR is not good cause to reinsert that claim into this lawsuit. Plaintiffs were well aware of the pending IPR; to the extent they thought it would compromise their ability to litigate this case according to the schedule set by the Court, they were free to request a modification or stay. The purpose of narrowing the asserted claims is to allow the parties and the Court to focus their efforts and resources on the strongest claims and those claims that will be sufficient to resolve the heart of the parties' dispute. Plaintiffs agreed to that and made their choice, and defendants were entitled to rely on it.

Defendants' motion to strike plaintiffs' fourth amended initial contentions is therefore GRANTED to the extent plaintiffs seek to reassert claim 26 of the '591 patent in this litigation. To the extent that the motion seeks sanctions, it is DENIED.

**So Ordered.**

Dated: April 27, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge