UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SIONYX, LLC, and
PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

    Plaintiffs,

v.

HAMAMATSU PHOTONICS K.K.,
HAMAMATSU CORP., OCEAN OPTICS,
INC., and DOES 1-10,

    Defendants.

Civil Case No.
15-13488-FDS

## ORDER ON DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

SAYLOR, J.

    Defendants Hamamatsu Photonics K.K. and Hamamatsu Corporation have moved post-trial for judgment in their favor as a matter of law.  In a patent case, the district court must analyze a motion for judgment as a matter of law according to the law of the First Circuit.  *See August Tech. Corp. v. Camtek, Ltd.*, 655 F.3d 1278, 1281 (Fed. Cir. 2011).

    A party that seeks to overturn a jury verdict "faces an uphill battle." *Monteagudo v. Asociacion de Empleados del Estado Libre Asociado de P.R.*, 554 F.3d 164, 170 (1st Cir. 2009). To grant judgment as a matter of law, the court must determine that the "evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." *Malone v. Lockheed Martin Corp.*, 610 F.3d 16, 20 (1st Cir. 2010).  All evidence presented to the jury, and all reasonable inferences drawn from that evidence, must be viewed in the light most favorable to the verdict. *Osorio v. One World Techs.,*

*Inc.*, 659 F.3d 81, 84 (1st Cir. 2011). The jury's verdict should stand unless the evidence, viewed in such a favorable light, nonetheless "points unerringly to an opposite conclusion." *Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 75 (1st Cir. 2001).

First, defendants seek to overturn the jury's finding that plaintiffs' claims for breach of contract and unjust enrichment were not barred by the statute of limitations. Essentially, defendants contend that plaintiffs knew or should have known that defendants had breached the non-disclosure agreement when they failed to return plaintiffs' confidential information in February 2008.

"Whether a plaintiff knew or should have known of an injury so as to trigger the running of a statute of limitations is, with rare exception, a jury issue." *Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 633 (1st Cir. 1990); *Lawson v. Affirmative Equities Co., L.P.*, 341 F. Supp. 2d 51, 68 (D. Mass. 2004). Defendants here have not shown that this case qualifies as such a "rare exception."

Second, defendants contend that plaintiffs are not owed damages for the breach of contract and unjust enrichment claims after the non-disclosure agreement expired on January 11, 2015. Defendants contend that "any actions taken by [defendants] after January 11, 2015 that resulted in disclosing [plaintiffs'] confidential information did not violate the [non-disclosure agreement] and therefore cannot sustain an action for breach of contract." (Docket 772 at 17). Defendants therefore seek to reduce the award for unjust enrichment to include only plaintiffs' profits earned through 2014, which would lower the award from $580,640 to $198,517. Defendants do not, however, seek to reduce the jury's award for breach of contract because the "jury's verdict does not explain" those damages.

Although defendants may not have "disclosed" confidential information after the non-disclosure agreement ended in January 2015, the jury's verdict can be reasonably construed to incorporate a finding that defendants continued to reap the benefit of their earlier breach by selling products that it had designed using plaintiffs' confidential information. Defendants have not presented a compelling reason to overturn the verdict in that respect, and the Court will not do so.

Third, and finally, defendants contend that the Court should reverse the jury's finding that HPK willfully infringed the '467 patent. Essentially, defendants contend that because plaintiffs presented evidence that defendants were monitoring plaintiffs' intellectual property only between 2006 and 2009, and because plaintiffs did not file the '467 patent application until 2010, defendants "simply could not have known about the '467 Patent or its application during the time it might be said to have been monitoring [plaintiffs'] patents." But, as defendants acknowledge, the evidence established that defendants were monitoring plaintiffs' related antecedent patents and applications. The jury's verdict can be reasonably construed to mean that this monitoring gave defendants knowledge of the '467 patent and its teachings. The Court will therefore not overturn the jury's finding that of willful infringement.

Accordingly, and for the foregoing reasons, defendants' motion for judgment as a matter of law is DENIED.

**So Ordered.**

Dated: July 25, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge