**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **SIONYX, LLC, and** | ) | |
| **PRESIDENT AND FELLOWS OF** | ) | |
| **HARVARD COLLEGE,** | ) | |
| | ) | **Civil Case No.** |
| **Plaintiffs,** | ) | **15-13488-FDS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAMAMATSU PHOTONICS K.K.,** | ) | |
| **HAMAMATSU CORP., OCEAN OPTICS,** | ) | |
| **INC., and DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER ON PLAINTIFFS' MOTION TO DECLARE THIS CASE EXCEPTIONAL PURSUANT TO 35 U.S.C. § 285

**SAYLOR, J.**

Plaintiffs have moved post-trial for a declaration that this case is "exceptional" and therefore warrants the awarding of attorneys' fees and costs under 35 U.S.C. § 285.

Under § 285, district courts have the discretion to award attorneys' fees and costs to a prevailing party in "exceptional cases." 35 U.S.C. § 285. An "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

Plaintiffs contend that this case is exceptional for two reasons: (1) because defendants

had a substantively weak litigating position and (2) because defendants' counsel litigated the case in an unreasonable manner.

As to the first reason, plaintiffs essentially contend that defendants' non-infringement and invalidity defenses "were [not] strong enough to justify forcing plaintiffs to litigate" those issues at trial. Under the circumstances—including, in particular, the fact that plaintiffs did not move for summary judgment on either of those issues—the Court cannot conclude that defendants' arguments were exceptionally weak under the statute. *See, e.g., Strangent, LLC v. Intel Corporation*, 2014 WL 6756304 at *5 (E.D. Tex. Aug. 6, 2014) (finding a plaintiff's decision not to seek summary judgment on the issue of non-infringement as "suggest[ing] that [the plaintiff] did not always view [the defendant's] infringement position as frivolous.").

As to the second reason, plaintiffs essentially contend that "[defendants] and [their] counsel have undertaken a concerted effort to increase both the cost and complexity of essentially every issue, in attempt to run [plaintiffs] out of business before judgment could be rendered." (Docket 774-1 at 16). Regardless of how aggressively defense counsel may have chosen to litigate this case, plaintiffs have provided no evidence that counsel deliberately attempted to increase the cost and complexity of this case for any improper purpose. The Court therefore cannot conclude that defense counsel litigated the case in so unreasonable a manner that the case should be deemed "exceptional" within the meaning of the statute.

Accordingly, and for the foregoing reasons, the motion to declare this case exceptional under 35 U.S.C. § 285 is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: July 25, 2019

2