# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SIONYX, LLC, and <br> PRESIDENT AND FELLOWS OF <br> HARVARD COLLEGE, <br><br> Plaintiffs, <br><br> v. <br><br> HAMAMATSU PHOTONICS K.K., <br> HAMAMATSU CORP., OCEAN OPTICS, <br> INC., and DOES 1-10, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Case No. <br> 15-13488-FDS |

## ORDER ON PLAINTIFFS' MOTION TO AMEND THE JUDGMENT

**SAYLOR, J.**

Plaintiffs have moved post-trial to amend the judgment pursuant to Fed. R. Civ. P. 59(e) and for related relief under Fed. R. Civ. P. 60(b).

Plaintiffs' motion to amend the judgment is premature, as no judgment has yet been entered. Accordingly, the Court will treat the motion as a motion under Fed. R. Civ. P. 50(b) for judgment as a matter of law.

Judgment as a matter of law may be granted when the evidence, considered in the light most favorable to the verdict, "is so one-sided that [the moving party] is plainly entitled to judgment, for reasonable minds could not differ as to the outcome." *Colasanto v. Life Ins. Co. of N. Am.*, 100 F.3d 203, 208 (1st Cir. 1996) (citation omitted); *Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 75 (1st Cir. 2001) ("[T]he jury's verdict must stand unless the evidence,

taken in the light most favorable to the prevailing party, points unerringly to an opposite conclusion.").

In their motion, plaintiffs essentially contend that the Court should reject the jury's finding that Dr. James Carey is a co-inventor of the disputed patents, and instead should name him as the sole inventor.[1]  Plaintiffs contend that the jury's finding that Dr. Carey was a co-inventor "resulted from an erroneous jury instruction stating that the method of forming the claimed 'irregular asperity' was irrelevant."  (Docket No. 777-1 at 1).

"A jury verdict generally will not be set aside, on motion for judgment as a matter of law or new trial, based on erroneous instructions unless the movant can establish that the instructions were legally erroneous and that the errors had a prejudicial effect."  *Bettcher Industries, Inc. v. Bunzi USA, Inc.*, 661 F.3d 629, 638-39 (Fed. Cir. 2011).  As an initial matter, plaintiffs have not shown that the instruction in question was legally erroneous.

Furthermore, and in any event, plaintiffs have waived their opportunity to object to the disputed instruction.  "Fed. R. Civ. P. 51 requires a party to object to an instruction 'before the jury retires . . . stating distinctly the matter objected to and the grounds of the objection.'"  *Beatty v. Michael Business Machines Corp.*, 172 F.3d 117, 121 (1st Cir. 1999).  Not surprisingly—because they themselves proposed the instruction nearly verbatim—plaintiffs did not object to the disputed instruction before the jury retired.

Moreover, plaintiffs did not raise that argument in a motion for a directed verdict.  And "the law is crystal clear that a party may not base its motion for a judgment [as a matter of law]

---

[1] The term "disputed patents" refers to the following United States Patents:  No. 9,614,109; No. 9,293,499; No. 9,190,551; No. 8,994,135; No. 8,916,945; No. 8,884,226; No. 8,742,528; No. 8,629,485; and No. 8,564,087.

2

on a ground that was not argued in its motion for directed verdict." *Perdoni Bros., Inc. v. Concrete Systems, Inc.*, 35 F.3d 1, 3 (1st Cir. 1994).

Accordingly, and for the foregoing reasons, plaintiffs' motion to amend the judgment is DENIED.

**So Ordered.**

Dated: July 25, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge