UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SIONYX, LLC, and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Case No. 15-13488-FDS |
| v. | ) ) ) | |
| HAMAMATSU PHOTONICS K.K., HAMAMATSU CORP., OCEAN OPTICS, INC., and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER ON PLAINTIFFS' MOTION FOR ENHANCED DAMAGES PURSUANT TO 35 U.S.C. § 284

**SAYLOR, J.**

Plaintiffs have moved post-trial for an award of enhanced damages for patent infringement pursuant to 35 U.S.C. § 284. Section 284 provides as follows:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court. When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed.

35 U.S.C. § 284.

The jury in this case awarded $796,469 in damages for breach of contract and $580,640 in damages for unjust enrichment. Despite finding both that the patent was infringed and that the infringement was willful, the jury awarded $0 in damages for infringement.

In substance, plaintiffs contend that damages for patent infringement were "not found by a jury," within the meaning of § 284, and thus it is for the court to "assess" those damages, which must be no less than a reasonable royalty. Based on the testimony of their damages expert, plaintiffs contend that a reasonable royalty in this case is $490,889. Furthermore, plaintiffs contend, because this case involved "willful and egregious infringement," that amount should be trebled.

As a general matter, "a jury's verdict must be upheld unless the facts and inferences, viewed in the light most favorable to the verdict, point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have [returned the verdict]." *Astro-Med, Inc. v. Nihon Kohden America, Inc.*, 591 F.3d 1 (1st Cir. 2009) (internal citations omitted).

Here, the basis of the jury's damages award is less than perfectly clear. That lack of clarity, however, is almost certainly a direct result of the manner in which plaintiffs presented their damages claims.

Plaintiffs' damages calculations were presented by an expert witness, Pauline Booth. Booth testified that plaintiffs' damages included (1) $3,672,492 for breach of contract (consisting of $2,025,105 for the loss of the Nikon relationship and $1,647,387 for the loss of compensation from HPK); (2) $580,640 for unjust enrichment damages; and (3) $490,889 for patent infringement. (Docket No. 764 at 27). She further testified, however, that she "would expect that there would be a certain amount of overlap" between the damages attributable to the "breach of the confidentiality agreement" and the damages attributable to "the patent infringement." (*Id.* at 29). Indeed, she testified that a jury might face "a choice between those two" types of damages. (*Id.*). She did not indicate what the amount of that overlap might be. She did,

however, note that the "unjust enrichment part" of the damages was "kind of separate" from the damages due for breach of contract and patent infringement. (*Id.* at 28-29).

Neither Booth nor any other witness for the plaintiffs provided any further clarification as to how the jury might go about determining the amount of the overlap in order to render a verdict that was both fair and non-duplicative. Counsel for plaintiffs, in his closing argument and proposed jury instructions, likewise failed to offer any actual or proposed direction to the jury as to how to resolve that issue. The jury was thus faced with this problem: (1) there was evidence of contract damages; (2) there was evidence of patent infringement damages; (3) those damages overlapped, in whole or in part; (4) the jury was not permitted to award duplicative damages; and (5) the jury was given no guidance as to how to allocate damages between the two claims.[1]

Under the circumstances, it is certainly reasonable to interpret the jury's verdict as a rational attempt to award damages for both breach of contract and patent infringement while avoiding an award of duplicative damages. Again, the jury awarded $796,469 for breach of contract; $580,640 for unjust enrichment; and (although it found that HPK had willfully infringed '467 patent) $0 for patent infringement. The most rational explanation is that the jury believed that the patent infringement damages overlapped entirely with the contract damages, and that the infringement damages are thus subsumed within the contract damages award. Certainly it is not unreasonable to interpret the verdict as reflecting a finding that the $796,469 includes the entire $490,889 plaintiffs sought as patent infringement damages, plus an additional

---

[1] As to duplicative damages, the jury was instructed as follows: "If you choose to award damages, you must not award damages more than once for the same injury or loss. SiOnyx is only entitled to be made whole, and may not recover more than it has lost." (Docket No. 765 at 129).

3

$305,580 as breach of contract damages. The fact that the jury separately awarded plaintiffs the exact amount they sought as unjust enrichment ($580,640) reinforces that conclusion.

In short, the facts and inferences, viewed in the light most favorable to the verdict, suggest that the jury did in fact assess patent-infringement damages. At a minimum, the evidence does not point so strongly and overwhelmingly in the opposite direction that a reasonable jury could not have returned the verdict. The Court therefore will not "assess" additional damages for patent infringement under § 284.

Similarly, the Court will also decline to treble the award of patent damages to reflect HPK's willful conduct. To begin, it is impossible to ascertain precisely what the jury found those damages were, so it is impossible to treble that amount. To the extent the jury specified the amount in the verdict form, it was $0, which of course cannot be trebled. Finally, section 284 provides that, upon a finding of willfulness, the court "*may* increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284 (emphasis added). "An award of enhanced damages," however, "does not necessarily flow from a willfulness finding." *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017). "In determining whether enhanced damages are appropriate, courts should consider the overall circumstances of the case." *Id.* It is therefore unnecessary to overturn the verdict as a matter of law.

Accordingly, and for the foregoing reasons, plaintiffs' motion for enhanced damages pursuant to 35 U.S.C. § 284 is DENIED.

**So Ordered.**

Dated: July 25, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge