UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| SIONYX, LLC, and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Case No. 15-13488-FDS |
| v. | ) ) | |
| HAMAMATSU PHOTONICS K.K., HAMAMATSU CORP., OCEAN OPTICS, INC., and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFFS' MOTION FOR PRE-JUDGMENT INTEREST
AND POST-JUDGMENT INTEREST

**SAYLOR, J.**

Plaintiffs have moved post-trial for an award of both pre- and post-judgment interest.[1]

First, plaintiffs seek $1,091,481 as prejudgment interest on the damages awarded for breach of contract.

Mass. Gen Laws ch. 231, § 6C provides as follows: "In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand."

---

[1] In the same motion (Docket No. 780), plaintiffs seek additional relief in the form of a post-verdict accounting. The resolution of that issue will be included in the Court's order on plaintiffs' motion for equitable relief.

The application of § 6C leads to a straightforward calculation here.  The jury awarded plaintiffs damages of $796,469 for breach of contract; the jury found that the contract was breached on February 1, 2008; and the non-disclosure agreement did not contain a "contract rate."  Accordingly, therefore, applying a rate of 12% per annum from February 1, 2008, to the jury's damages award results in a total of $1,091,481 in prejudgment interest.[2]

Second, plaintiffs seek $660,536 as prejudgment interest on the damages awarded for unjust enrichment.  The parties' main dispute centers on whether § 6C or § 6H of Chapter 231 applies to the unjust-enrichment claim.  Plaintiffs rely on *Bushkin Associates, Inc. v. Raytheon Co.*, 906 F.2d 11 (1st. Cir. 1990), in which the First Circuit held that actions for unjust enrichment, or quantum meruit, are "encompassed" by ch. 231, § 6H.  *Id.* at 18.  That case does not answer the precise question here, however, because, as the *Bushkin* court noted, § 6H was not "enacted" until "after the . . . commencement" of that case.  *Id.* at 14, n.3.  Defendants, by contrast, rely on *Mill Pond Associates, Inc. v. E & B Giftware, Inc.*, 751 F. Supp. 299 (D. Mass. 1990).  Defendants point to language in *Mill Pond* that "Massachusetts courts have held that prejudgment interest should not be applied to cases in which the court calculates the plaintiff's damages by measuring the defendant's wrongful profits."  *Id.* at 300.  Defendants appear to contend that because the jury's award for unjust enrichment in this case was calculated by measuring HPK's wrongful profits, prejudgment interest should not apply.  *Id.*

Arguably, *Bushkin* and *Mill Pond* point in different directions.  Nonetheless, and for two reasons, the Court will apply § 6H.  First, although *Mill Pond* did not include any claims for

---

[2] Defendants contend that the prejudgment interest award should be limited under the Supreme Judicial Court's decision in *Bank v. Thermo Elemental Inc.,* 451 Mass. 638 (2008).  That case allows for the reduction of an interest award when "expenses incurred as a result of a contract breach are not paid by a plaintiff until after the breach has occurred." *Id.* at 662-63.  In this case, however, the jury's award for breach of contract damages did not include any "expenses" that plaintiffs have attempted to recover.  *Thermo Elemental* is thus inapplicable.

2

unjust enrichment, and thus did not even attempt to answer the question at issue here. Second, nothing in *Mill Pond* calls directly into question the First Circuit's clear holding in *Bushkin* that unjust enrichment claims are encompassed by § 6H. Accordingly, applying § 6H, and applying a date of breach of January 10, 2010, prejudgment interest will be ordered in the amount of $660,536.

Third, plaintiffs seek post-judgment interest under 28 U.S.C. § 1961 on all damages awarded. Section 1961 provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court" and that "such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Defendants do not oppose such an order. Defendants will therefore be ordered to pay post-judgment interest at the statutory rate.

Accordingly, and for the foregoing reasons, plaintiffs' motion for pre-judgment and post-judgment interest is GRANTED in part, as follows:

1. The judgment will include a provision requiring HPK to pay $1,091,481 in pre-judgment interest;

2. The judgment will include a provision requiring HC to pay $660,536 in pre-judgment interest; and

3. The judgment will include a provision requiring plaintiffs to pay post-judgment interest at the rate established by 28 U.S.C. § 1961.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: July 25, 2019                     United States District Judge